**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and THE PHOENIX INSURANCE COMPANY, | Case No. 1:24-CV-01346-DAP <br><br> Hon. Dan Aaron Polster |
| Plaintiffs, | |
| v | |
| I.SCHUMANN & CO., LLC and SCOTT SCHUMANN | |
| Defendants. | |

\* \* \* \* \* \*

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW COME** Plaintiffs, Travelers Property Casualty Company of America, and The Phoenix Insurance Company (collectively "Travelers"), by and through its attorneys, Gregory, Meyer & Chapnick, P.C., and for its **First Amended** Complaint for Declaratory Judgment against Defendants I. Schumann & Co., LLC and Scott Schumann, pursuant to 28 U.S.C 2201 and Fed. R. Civ. P 57, state the following:

**JURISDICTION AND VENUE**

1. Plaintiff, Travelers Property Casualty Company of America, is an insurance company organized and existing under the laws of Connecticut, with its principal place of business in Hartford, Connecticut.

2. Plaintiff, The Phoenix Insurance Company, is an insurance company organized and existing under the laws of Connecticut, with its principal place of business in Hartford, Connecticut.

3. Defendant, The Schumann Company, is a limited liability company. On information and belief, the members of the limited liability company are citizens of the State of Ohio.

4. Scott Schumann is an individual residing in Pepper Pike, Cuyahoga County, Ohio. At all times relevant Scott Schumann was the lead governing officer of the Schumann Company and owned membership units in the Schumann Company.

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332, because there is diversity of citizenship between the parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in the Northern District of Ohio, pursuant to 28 U.S.C. 1391(b)(2) because a substantial part or the events or omissions giving rise to the present controversy occurred with the Northern District of Ohio.

7. The allegations set forth in this Complaint demonstrate a real, immediate, and justiciable controversy, which will continue to exist between the parties until it is resolved by this Court.

8. Pursuant to 22 U.S.C 2201, this Court has the power to make binding declarations of the rights and obligations of the parties herein, and to adjudicate the dispute between the parties.

9. Travelers brings this action for declaratory relief pursuant to 28 U.S.C. 2201, 2202, *et seq.*, and Fed. R. Civ. P. 57, seeking a declaration that Travelers does not owe a defense or indemnity to Defendants under a Workers Compensation and Employers Liability Insurance

Policy, a Commercial General Liability Policy, or an Excess Follow-Form and Umbrella Liability Insurance Policy with respect to lawsuits filed against the Defendants styled:

- *Danielle Mullins, Individually, as Fiduciary of the Estate of Steven Mullins, Deceased, and as Natural Guardian and Next Friend of M.M., a minor vs. I, Schumann & Co., LLC et al* filed in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CV-24-994443;

- *Svboda et al v Forest City Erectors Inc, et al v I. Schumann Co. LLC and Scott Schumann et al*, **Cuyahoga Common Pleas Case No. CV-24-102974;**

- *Velasquez et al v Forest City Erectors Inc, et al v I. Schumann Co. LLC and Scott Schumann et al*, **Cuyahoga Commons Please Case No. CV-24-103502; and**

- **Any subsequently filed suits against Schumann Company and Scott Schumann related to coverage for the February 2023 explosion.**

### UNDERLYING ACTION AND FACTS GIVING RISE TO THIS ACTION

10. Schumann Company operates a manufacturing facility located at 22500 Alexander Road, Bedford, Ohio ("facility") where it processes scrap metals by smelting them down to manufacture copper-based ingots and pellets that are then sold to customers.

11. On February 20, 2023, Furnace No. 5 at Schumann Company's facility exploded which caused injuries and the death of Steven Mullins (**Exhibit A**, ¶¶51, 52).

12. On or about March 14, 2024, Mullins filed the instant lawsuit against Schumann Company, Scott Schumann and others (**Exhibit A**).

13. The lawsuit presents multiple counts against the various defendants for causing the injuries and subsequent death of Steven Mullins, including Count I -Intentional Tort Claim Against

3

The Schumann Company R.C. 275.01 and Count II Intentional Tort Claim Against The Schumann Company R.C. 275.01 (**Exhibit A**).

14. The Complaint also contains two counts against Scott Schumann, Count III - Personal Liability of Scott Schumann for Breach of Duty to Provide and Maintain a Safe Working Environment and Count IV- Breach of Fiduciary Duty Against Scott Schumann (**Id.**).

15. Mullins has alleged that Schumann Company's deliberate and intentional acts caused the serious injury and death of Steven Mullins (**Exhibit A, ¶¶**54, 56, 59, 60, 64, 67, 68).

16. Mullins has alleged that Scott Schumann knew that the water jacket on Furnace No. 5 was actively leaking, that the severe leakage would cause the furnace to explode, ordered the furnace to continue to operate despite the leakage and/or failed to order the furnace be shut down, and knew that if the equipment was not properly maintained or replaced grave injury to employees could result (**Exhibit A**, ¶¶47, 49, 50, 73).

17. On April 9, 2024, Travelers and Phoenix were notified by Schumann Company's agent that Schumann Company had been served with the Summons and Complaint.

## COUNT I
### (Declaratory Judgment – EL Policy)

18. Travelers retained counsel to defend the Schumann Company in the Lawsuit and issued to a Reservation of Rights letter, dated April 14, 2024, advising Schumann Company that Travelers was investigating the claims and providing a defense under a complete reservation of rights under the Worker Compensation and Employers Liability Policy and applicable law (**Exhibit B**).

19. Travelers issued to Schumann Company a Workers Compensation and Employers Liability Policy, No. UB-7S117252-2214-G, with a policy period of October 14, 2022 to October 14, 2023 ("EL Policy") (**Exhibit C**).

4

20. The Employers Liability Insurance part in the EL Policy provides coverage for all sums the insured must legally pay as damages because of bodily injury to the insured's employees and states in relevant part:

## PART TWO
## EMPLOYERS LIABILITY INSURANCE

\* \* \*

**B.** **We Will Pay**
We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

**1.** For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
**2.** For care and loss of services; and
**3.** For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and
**4.** Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer. [**Exhibit C**, EL Policy, (WC 00 00 00 (C), p. 3 of 6)]

21. The EL Policy includes the Ohio Employers Liability Coverage Endorsement applies to work in Ohio:

**C.** Part Two (employers Liability Insurance), C. Exclusions 5 is removed and replaced with the following:
  **C.** Exclusions
    This Insurance does not cover:
    **5.** bodily injury directly intended by the insured

5

22. The EL Policy, in Item 1 of the Information Page, lists Schumann Corporation as the insured and identifies the insured as a corporation. [**Exhibit C**, EL Policy, (INFORMATION PAGE WC 00 00 01 (A)]

23. The EL Policy defines who is insured as follows:

**GENERAL SECTION**

\* \* \*

    **B.**    **Who is Insured**
You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees. [**Exhibit C**, EL Policy, (WC 00 00 00 (C), p. 1 of 6)]

24. The allegations against the Schumann Company in the Lawsuit allege intentional and deliberate acts by Schumann Company and the commission of intentional torts that caused the severe injury and death of Steven Mullins which are expressly excluded from coverage under the EL Policy.

25. Additionally, there is no coverage for the Lawsuit for Scott Schumann who is not an insured as defined in the EL Policy.

26. Consequently, Travelers is entitled to a declaration that it is not obligated to provide coverage to Schumann Company and Scott Schumann under the EL Policy, including defense and/or indemnity for the Lawsuit.

## COUNT II
**(Declaratory Judgment – CGL Policy)**

27. The Phoenix Insurance Company issued to Schumann Corporation a Commercial Insurance Policy, No. Y-660-7S092100-PXH-2, with a policy period of October 14, 2022 to October 14, 2023 ("CGL Policy") (**Exhibit D**).

6

28. The CGL Policy contains a General Purpose Endorsement that amends Item 1 Named Insured to include I Schumann & Co, LLC, among others ([**Exhibit D**, CGL Policy (IL T8 00, p. 1).

29. The Commercial General Liability Coverage part in the CGL Policy provides coverage for all sums the insured is obligated pay as damages because of bodily injury caused by an "occurrence" and states in relevant part:

>     **SECTION I – COVERAGES**
>
>     **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
>     1. **Insuring Agreement**
>         a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>                                 * * *
>         b. This insurance applies to "bodily injury" and "property damage" only if:
>
>             **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>             **(2)** The "bodily injury" or "property damage" occurs during the policy period…. [**Exhibit D**, CGL Policy (CG T1 00 02 19, p. 1 of 21)]

30. The CGL Policy contains the following exclusions:

>     **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>                                 * * *
>     1. **Exclusions**

> This insurance does not apply to:
> 
> **a.     Expected Or Intended Injury**
>   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.
> 
> * * *
> 
> **d.     Workers' Compensation And Similar Laws**
>   Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
> 
> **e.     Employer's Liability**
>   "Bodily injury" to:
>   **(1)**     An "employee" of the insured arising out of and in the course of:
>     **(a)**     Employment by the insured; or
>     **(b)**     Performing duties related to the conduct of the insured's business; or
>   **(2)**     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.
> 
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
> 
> This exclusion does not apply to liability assumed by the insured under an "insured contract". [**Exhibit D**, CGL Policy (CG T1 00 02 19, p. 2 of 21)]

31.     The Commercial General Liability Coverage part in the CGL Policy defines who is an insured as follows:

**SECTION II – WHO IS AN INSURED**

> **1.**     If you are designated in the Declarations as:
> 
> * * *
> 
> **c**.     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers…. [**Exhibit D**, CGL Policy (CG T1 00 02 19, p. 11 of 21)]

32. The CGL Policy defines an "occurrence" as follows"

> **17.** "Occurrence" means:
> **a**. An accident, including continuous or repeated exposure to substantially the same harmful conditions…. [**Exhibit D**, CGL Policy (CG T1 00 02 19, p. 19 of 21)]

33. The allegations in the lawsuit against the Schumann Company and Scott Schumann allege intentional and deliberate acts and/or omissions by Schumann Company and Mr. Schumann, which are expressly excluded from coverage.

34. The CGL Policy does not afford coverage for "bodily injury" that is not caused by an "occurrence."

35. The CGL Policy expressly excludes coverage for "bodily injury" that is expected or intended by an insured.

36. The CGL Policy expressly excludes coverage for "bodily injury" to an employee of the insured arising out of and in the course of employment by the insured or while performing duties related to the insured's business.

37. The CGL Policy also expressly excludes coverage to the spouse or child of an employee who sustains "bodily injury" arising out of and in the course of employment by the insured or while performing duties related to the insured's business.

38. The CGL Policy expressly excludes coverage for any obligation of the insured under a workers' compensation, disability benefits or any similar law.

39. Consequently, Travelers is entitled to a declaration that it is not obligated to provide coverage to Schumann Company or Scott Schumann under the CGL Policy, including defense and/or indemnity for the Lawsuit.

**COUNT III**
**(Excess Follow-Form And Umbrella Insurance Policy)**

9

40. The Travelers Property Casualty Company of America issued an Excess Follow-Form and Umbrella Liability Policy, No. CUP-4S690118-22-NF with effective dates of October 14, 2022 to October 14, 2023 ("Excess Policy"). (See **Exhibit E**)

41. The Excess policy includes the following coverages:

### SECTION I – COVERAGES

**A. COVERAGE A – EXCESS FOLLOW-FORM LIABILITY**

1. We will pay on behalf of the insured those sums, in excess of the 'applicable underlying limit', that the unsured becomes legally obligated to pay as damages to which Coverage A of this insurance policy applies, provided that the 'underlying insurance' would apply to such damages but for the exhaustion of it applicable limits of insurance. If a sublimit is specified in any 'underlying insurance' Coverage **A** of this insurance applies to damages that are in excess of that sublimit only if such sublimit is shown for that 'underlying insurance' in the Schedule of Underlying Insurance.

2. Coverage **A** of this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the 'underlying insurance', except with respect to any provisions to the contrary contained in this insurance

**B. COVERAGE B – UMBRELLA LIABILITY**

1. We will pay on behalf of the insured those sums in excess of the "self-insured retention" that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage", "personal injury" or "advertising injury" to which Coverage **B** of this insurance applies.

* * *

   a. The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place any place in the world.

42. The Excess policy also includes the following exclusions:

10

**SECTION IV – EXCLUSIONS**

This insurance does not apply to:

**A.** With respect to Coverage **A** and **B**:

*\* \* \**

**8. Workers Compensation And Similar Laws**
Any obligation of the insured under s workers compensation, disability benefits, or unemployment compensation law or any similar law.

**B.** With respect to Coverage **B:**
**1. Expected or intended Bodily Injury Or Property Damage**
'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily injury' or 'property damage' resulting from the use of reasonable force to protect persons or property.

*\* \* \**

**4. Employers Liability**
"Bodily injury" to:
**a.** An 'employee' of the insured arising out of an in the course of:
**(1)** Employment of the insure; or
**(2)** Performing duties related to the conduct of the insured's business; or
**b**. The spouse, child, parent, brother or sister of that 'employee' as a consequence of 'bodily injury' described in Paragraph a. above.

This exclusion applies:
**a.** Whether the insured may be liable as an employer or in any other capacity; and
**b.** To any obligation to share damages with or repay someone else who must pay damages because of the 'bodily injury'.

43. Coverage B, Umbrella Coverage, defines an "occurrence" with respect to "bodily injury" or "property damage" as:

> An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results in 'bodily injury' or 'property damage'. All 'bodily injury' or 'property damage' caused by such exposure to substantially the same general harmful conditions will be deemed to be caused by one 'occurrence'.

11

44. As there is no coverage for Scott Schumann or The Schumann Corporation for either of the underlying policies, Workers Compensation and Employers Liability or Commercial General Liability Policy, there is no coverage under Part A, Excess Follow-Form Liability.

45. There is no coverage for Scott Schumann or The Schumann Corporation under Part B, Umbrella Liability as the allegations in the *Mullins* Complaint are intentional acts that took place during the course of his employment and therefore are excluded.

46. Travelers is entitled to a declaration that it is not obligated to provide coverage to Scott Schumann or Schumann Corporation, including defense and indemnity under the Excess Policy.

**WHEREFORE**, Plaintiffs, Travelers Property Casualty Company of America and The Phoenix Insurance Company (collectively "Travelers") respectfully request this Honorable Court issue a declaratory judgment:

A. Declaring that Travelers has no obligation under the EL Policy, the CGL Policy or Excess Policy to defend and/or indemnify I. Schumann & Co., LLC arising from the allegations contained in the lawsuit;

B. Declaring that Travelers has no obligation under the EL Policy, the CGL Policy or Excess Policy to defend and/or indemnify Scott Schumann arising from the allegations contained in the lawsuit.

C. Awarding Travelers its costs, attorneys' fees, and expenses; and

D. Awarding such other and further relief as the Court shall deem just and equitable.

Respectfully submitted,

/s/: Corinne F. Shoop
CORINNE F. SHOOP (0097301)
**GREGORY, MEYER & CHAPNICK, P.C.**
Attorneys for Plaintiffs
340 E. Big Beaver, Ste. 520
Troy, MI 48083
(248) 689-3920/Fax: (248) 689-4560
Date: November 15, 2024              cshoop@gregorylaw.com

13