IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, *et al.*, | ) ) ) | CASE NO: 1:24-cv-1346 |
| Plaintiffs, | ) ) | Judge Dan Aaron Polster |
| v. | ) ) ) | |
| I. SCHUMANN & CO., LLC, *et al.*, | ) ) | **ORDER & OPINION** |
| Defendants. | ) ) | |

Before the Court is Defendant I. Schumann & Co., LLC (the "Company") and Scott Schumann's (collectively, "Defendants") Partial Motion to Dismiss First Amended Complaint for Declaratory Judgment ("Motion"). ECF Doc. 13. On December 23, 2024, Plaintiffs Travelers Property Casualty Company of America ("Travelers") and The Phoenix Insurance Company (collectively, "Plaintiffs") filed a response in opposition to the Motion ("Opposition"). ECF Doc. 17. For the reasons explained below, the Court **GRANTS** Defendants' Motion.

**I.    STANDARD OF REVIEW**

Article III of the U.S. Constitution permits federal courts to adjudicate only justiciable cases and controversies, not abstract or hypothetical disputes. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Declaratory judgments in federal courts are not exempt from this requirement. *See Saginaw Cnty. v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 954 (6th Cir. 2020). To satisfy the case or controversy requirement, a claim for declaratory judgment relating to an insurer's duties to defend and indemnify an insured must be supported by "a substantial controversy . . . of sufficient immediacy and reality"—that is, a present underlying dispute. *See id*. Further, a plaintiff "cannot sue simply to avoid a '*possible* future injury.'" *Id.* at 954-55 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original)).

1

## II. DISCUSSION

Despite Plaintiffs' characterizations to the contrary in their Opposition, Defendants filed only a partial motion to dismiss. They do not seek to dismiss the claims for declaratory judgment in relation to the *Svoboda* and *Velasquez* lawsuits, which involve active claims against Defendants. There is no dispute that there is a live controversy over Travelers' duty to defend or indemnify in those two cases. In the Motion, Defendants seek to dismiss that portion of Plaintiffs' First Amended Complaint seeking a ruling concerning the *Mullins* lawsuit. Defendants assert that, since all claims against them in *Mullins* were dismissed, there is no live controversy. Plaintiffs do not dispute this, and, in fact, concede in their opposition that there are no claims against Defendants remaining in *Mullins*. *See* Opposition at 2. Accordingly, there is no live controversy for the Court to determine here, and the claim must be dismissed.

The Motion also seeks to dismiss Plaintiffs' claim for declaratory judgment as to Travelers' duty to defend or indemnify in "any subsequently filed suits against [Defendants] related to coverage for the February 2023 explosion." Motion at 6 (citing First Amended Complaint at 2-3). Such a ruling would be a purely advisory opinion on a hypothetical case. This Court has no jurisdiction to make any such ruling and would never consider doing so. This claim must also be dismissed.

As to the other two state court cases, it is settled law that the duty to defend is far broader than the duty to indemnify. While the *Svoboda* and *Velasquez* lawsuits include allegations of intentional torts committed by Defendants that, if proven, may not be covered under the policies, this does not mean there is no duty to defend against those claims. It may turn out that the plaintiffs in *Svoboda* and *Velasquez* are not able to prove their claims. The burden is very high in Ohio for a lawsuit of this nature against an employer. A policy providing defense coverage would be of

2

minimal value if a carrier could avoid providing a defense whenever a plaintiff alleged intentional, as opposed to negligent, conduct. It is also highly unlikely that the Court would consider deciding Travelers' duty to indemnify a hypothetical judgment against either the Company or Scott Schumann that may never come to pass. Therefore, the Court strongly suggests the parties consider resolving the present lawsuit by Travelers agreeing to defend the corporation and Scott Schumann under a reservation of rights.

Finally, in their Opposition, Plaintiffs ask that Defendants be sanctioned in regard to their Motion. Despite Plaintiffs' allegations, Defendants' motion is not "so meritless that it is unreasonable." Opposition at 11. Defendants' motion had merit in so far as there is no dispute between the parties regarding the lack of relevant claims in the *Mullins* lawsuit, even though Plaintiffs did not omit it from their amended complaint. The Motion is also appropriate in that a claim for declaratory judgment as to hypothetical "subsequently filed suits" requests an impermissible advisory opinion from the Court.

### III. CONCLUSION

It is evident to the Court from the Parties' briefing on this motion that both sides are talking past each other. This motion practice could and should have been avoided by a phone conversation between counsel. Accordingly, the Court orders as follows:

1. Defendants' Motion is **GRANTED**. Plaintiffs' claims for declaratory judgment related to the *Mullins* lawsuit and any unidentified future lawsuits that have not yet been asserted against Defendants relating to the February 2023 explosion are DISMISSED for lack of a live controversy.

2. The Case Management Conference currently scheduled for January 22, 2025, at 10:00am will no longer be over zoom, but will instead be in person. The conference will take place in Chambers 18B.

3. Plaintiffs' frivolous motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 26, 2024                  */s/ Dan Aaron Polster*
                                                                  **Dan Aaron Polster**
                                                                  **United States District Judge**